UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60704–CIV–SEITZ/SIMONTON

APOTEX, INC., et al.,

    Plaintiffs,

vs.

MYLAN PHARMACEUTICALS, INC.,

    Defendant.
_____/

## PLAINTIFFS' UNOPPOSED MOTION
## TO CONSOLIDATE FOR PRETRIAL PURPOSES

Plaintiffs, Apotex, Inc. and Apotex Corp. (collectively, "Apotex"), by and through their counsel, respectfully submit this unopposed Motion pursuant to Federal Rule of Civil Procedure 42(a) and S.D. Florida Local Rule 7.1(a)(3) requesting that this action be consolidated for pretrial purposes with two similar actions pending in this district.

On April 20, 2012, Apotex filed the instant action and two other actions -- *Apotex, Inc., et al. v. Pfizer, Inc., et al.*, Case No. 0:12-cv-60705-KMM (the "*Pfizer* matter") and *Apotex, Inc., et al. v. Lupin Pharmaceuticals, Inc., et al.*, Case No. 0:12-cv-60708-DMM (the "*Lupin* matter") -- in this judicial district. In each action, Apotex alleges infringement of U. S. Patent 6,531,486 (the '486 patent) and has filed a jury demand. While the three actions all involve the same patent, each action was initially assigned to a different judge. On June 26, 2012, the *Lupin* matter was reassigned to this Court and given Case No. 0:12-cv-60708-PAS. As such, two of the three matters are currently pending in front of this Court. The parties in the *Pfizer* matter have also agreed to transfer and consolidate for pretrial purposes in front of this Court and a Joint Motion to do so was filed on June 28, 2012. The parties in the *Lupin* and *Pfizer* matters have

1

further agreed to be bound by this Court's June 7, 2012 Order Requiring Joint Scheduling Report and Setting Schedule and Planning Conference (D.E. 8) in the above-captioned matter.

Rule 42(a) permits a court to consolidate pending actions if the actions involve "a common question of law or fact." "The stated purpose of Rule 42(a) is to 'avoid unnecessary costs or delay,' and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (quoting Fed. R. Civ. P. 42(a)).[1]

Apotex and Mylan (as well as all of the other defendants in the two other cases) have agreed that the three cases involving the '486 patent should be consolidated for pre-trial purposes, including discovery, claim construction (if necessary), and dispositive motions. The parties have further agreed to ask that the Court not address whether the cases should be consolidated for trial at this time because further discovery is needed to determine whether the consolidated trial of the infringement and damages issues will cause jury confusion and prejudice to one or more of the parties.

Consolidation for pretrial purposes will further the interests of the parties and the court in convenience and economy because the three actions will involve overlapping discovery of Apotex and Defendant Pfizer.

Pursuant to Local Rule 7.1(a)(3)(A), we hereby certify that we have conferred with Defendant's counsel in a good faith effort to resolve the issues raised herein and Defendants do not oppose Apotex's motion.

---

[1] All decisions of the former Fifth Circuit decided prior to October 1, 1981 are binding precedent in the 11th Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

WHEREFORE, Apotex respectfully requests that the Court consolidate this case with *Apotex, Inc. et al. v. Pfizer, Inc.*, Case No. 0:12-cv-60705-KMM and *Apotex, Inc. et al. v. Lupin Pharmaceuticals, Inc. et al.*, Case No. 0:12-cv-60708-PAS, both pending in this district, for pre-trial purposes and require the parties to be bound by this Court's June 7, 2012 Order Requiring Joint Scheduling Report and Setting Schedule and Planning Conference (D.E. 8).

Dated: July 3, 2012                               Respectfully submitted,

   /s/ Matthew Nelles
Matthew Nelles
Fla. Bar No. 009245
mnelles@broadandcassel.com
BROAD AND CASSEL LLP
One Financial Plaza, Suite 2700
100 S. E. Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 764–7060
Facsimile: (954) 761–8135

Of Counsel:
KATTEN MUCHIN ROSENMAN LLP
Robert B. Breisblatt
robert.breisblatt@kattenlaw.com
Martin S. Masar III
martin.masar@kattenlaw.com
Suresh B. Pillai
suresh.pillai@kattenlaw.com
525 W. Monroe Street
Chicago Illinois 60607
Telephone: (312) 902-5200
Facsimile: (312)-902-1061

*Attorneys for Plaintiffs Apotex, Inc. and Apotex Corp.*

## **CERTIFICATE OF SERVICE**

**I hereby certify** that, on this 3rd day of July 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing was served on July 3, 2012 on all counsel or parties of record on the service list below in the manner indicated.

                 /s/ Matthew Nelles
                Matthew Nelles

## **SERVICE LIST**

| | |
|---|---|
| Eric D. Isicoff | Thomas J. Parker |
| Susan V. Warner | Paki Banky |
| Isicoff, Ragatz & Koenigsberg | Deepro Mukerjee |
| 1200 Brickell Avenue, Suite 1900 | Alston & Bird |
| Miami, Florida  33131 | 90 Park Avenue |
| Telephone:  (305) 373-3232 | New York, New York  10016 |
| Facsimile:   (305) 373-3233 | Telephone:  (212) 210-9400 |
| isicoff@irlaw.com | Facsimile:   (212) 210-9444 |
| warner@irlaw.com | thomas.parker@alston.com |
| *Attorneys for Defendants* | paki.banky@alston.com |
| Service by CM/ECF | deepro.mukerjee@alston.com |
| | *Attorneys for Defendants* |
| | Service by email |

4851-1131-1888.1
44696/0004