**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

APOTEX, INC., *et al.*,

     Plaintiffs,

vs.                                           Case No. 12-60704–CIV–SEITZ/SIMONTON

MYLAN PHARMACEUTICALS, INC.,

     Defendant.
_____/

APOTEX, INC., *et al.*,

     Plaintiffs,

vs.                                           Case No. 12-60705–CIV–SEITZ/SIMONTON

PFIZER, INC., et al.,

     Defendants.
_____/

APOTEX, INC., *et al.*,

     Plaintiffs,

vs.                                           Case No. 12-60708–CIV–SEITZ/SIMONTON

LUPIN PHARMACEUTICALS, INC., et al.,

     Defendants.
_____/

**PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF**
**DEFENDANTS PFIZER INC. AND GREENSTONE, LLC**

    Plaintiffs, Apotex Inc. and Apotex Corp. (collectively, "Apotex"), by and through their

counsel, answer the Counterclaims of Defendants Pfizer, Inc. and Greenstone, LLC (collectively

"Pfizer") as follows, using the paragraph numbers of Pfizer's counterclaims:

**Jurisdiction and Venue**

    1.    Paragraph 1 contains assertions and legal conclusions to which no response is

required.  To the extent a response is required, Apotex admits that Pfizer alleges that its

counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Apotex admits that this Court has jurisdiction over the subject matter of the counterclaims against Apotex pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Apotex denies the remaining allegations in Paragraph 1.

2.     Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex admits that they voluntarily filed a Complaint (D.E. 1) in this Court and that Apotex Corp. is doing business in this district. Apotex consents to personal jurisdiction over Apotex Inc. and Apotex Corp. for the limited purposes of this action only. Apotex Inc. and Apotex Corp. deny the remaining allegations of Paragraph 2.

3.     Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex admits that it chose this District to file its Complaint and that Pfizer asserts that venue is proper in this District by Apotex's choice of forum and pursuant to 28 U.S.C. § 1391(b) and (c).  Apotex admits that venue is proper for the limited purposes of this action only.

**Parties**

4.     On information and belief, Apotex admits the allegations in Paragraph 4.

5.     On information and belief, Apotex admits the allegations in Paragraph 5.

6.     Apotex admits the allegations in Paragraph 6.

7.     Apotex admits the allegations in Paragraph 7.

**The Patent-in-Suit**

8.     Apotex admits the allegations in Paragraph 8.

9.     Apotex admits the allegations in Paragraph 9.

10.    Apotex admits the allegations in Paragraph 10.

11.     Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex admits that they have alleged that Pfizer has infringed and/or infringes the method claims of the '486 patent as set forth in their Complaint.  Apotex denies the remaining allegations in Paragraph 11.

12.     Paragraph 12 contains legal conclusions to which no response is required.

## FIRST COUNTERCLAIM
### Declaratory Judgment of Noninfringement of the '486 Patent

13.     Apotex repeats and realleges their answers to paragraphs 1-12 of Pfizer's Counterclaims as if fully set forth herein.

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 15.

16.     Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 17.

## SECOND COUNTERCLAIM
### Declaratory Judgment of Invalidity of the '486 Patent

18.     Apotex repeats and realleges their answers to paragraphs 1-12 of Pfizer's Counterclaims as if fully set forth herein.

19.     Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 19.

20.     Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 20.

21.     Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 22.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, Apotex denies the allegations in Paragraph 23.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against each Defendant and grant the following relief:

a.      Denying all relief requested by Pfizer;

b.      A judgment and decree that each Defendant has infringed one or more of the method claims of the '486 patent in violation of 35 U.S.C. § 271;

c.      A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining each Defendant and their officers, agents, employees and all others in concert or participation with them from acts of infringement of the '486 Patent;

d.      An Order, pursuant to 35 U.S.C. § 284, awarding Plaintiffs damages adequate to compensate for Defendants' infringement of the '486 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty; and

e.      Awarding any such costs and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Apotex demands a trial by jury.

Dated:  July 23, 2012                          Respectfully submitted,

  /s/ Matthew S. Nelles
Matthew S. Nelles
Fla. Bar. No. 009245
mnelles@broadandcassel.com
Broad and Cassel
One Financial Plaza
100 S.E. Third Avenue, Suite 2700
Fort Lauderdale, Florida  33394
Telephone:  (954) 764–7060
Facsimile:   (954) 761–8135

KATTEN MUCHIN ROSENMAN LLP
Robert B. Breisblatt (Fla. Bar. No. 145928)
robert.breisblatt@kattenlaw.com
Martin S. Masar III (admitted *pro hac vice*)
martin.masar@kattenlaw.com
Suresh B. Pillai (admitted *pro hac vice*)
suresh.pillai@kattenlaw.com
525 W. Monroe Street
Chicago, Illinois 60607
Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061

Christopher Ferenc (admitted *pro hac vice*)
christopher.ferenc@kattenlaw.com
2900 K Street NW, Suite 200
Washington, DC  20007
Telephone:  (202) 625-3647
Facsimile:   (202) 339-6044

*Attorneys for Plaintiffs Apotex, Inc.*
*and Apotex Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July 2012, I electronically filed the foregoing Answer to Pfizer's Counterclaims with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the following service list below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

  /s/ Matthew S. Nelles
Matthew S. Nelles

## SERVICE LIST

Maria J. Beguiristain
White & Case
200 S. Biscayne Blvd., Suite 4900
Miami, Florida 33131
Telephone:  (305) 371-2700
Facsimile:   (305) 358-5744
mbeguiristain@whitecase.com

*Attorneys for Defendants Pfizer, Inc. and Greenstone LLC*

Aaron Stiefel
Daniel DiNapoli
Matthew Sklar
Sounitra Deka
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022
Telephone:  (212) 836-8000
Facsimile:   (212) 836-88689
astiefel@kayescholer.com
ddinapoli@kayescholer.com
matthew.sklar@kayescholer.com
sdeka@kayescholer.com

*Attorneys for Defendants Pfizer, Inc. and Greenstone LLC*
(admitted *pro hac vice*)

Eric D. Isicoff
Susan V. Warner
Isicoff, Ragatz & Koenigsberg
1200 Brickell Avenue, Suite 1900
Miami, Florida  33131
Telephone:  (305) 373-3232
Facsimile:  (305) 373-3233
isicoff@irlaw.com
warner@irlaw.com

*Attorneys for Defendant Mylan
Pharmaceuticals Inc.*

Thomas J. Parker
Deepro R. Mukerjee
Poopak Banky
Alston & Bird
90 Park Avenue
New York, New York  10016
Telephone:  (212) 210-9400
Facsimile:  (212) 210-9444
thomas.parker@alston.com
deepro.mukerjee@alston.com
paki.banky@alston.com

*Attorneys for Defendant Mylan
Pharmaceuticals Inc.*
(admitted *pro hac vice*)

Eric D. Isicoff
Susan Warner
Teresa Ragatz
Isicoff, Ragatz & Koenigsberg
1200 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone:  (305) 373-3232
Facsimile:  (305) 373-3233
isicoff@irlaw.com
warner@irlaw.com
ragatz@irlaw.com

*Attorneys for Defendants Lupin Ltd. and
Lupin Pharmaceuticals, Inc.*

Robert F. Green
Christopher T. Griffith
Brett A. Hesterberg
Peter H. Domer
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 4900
Chicago, Illinois  60601-6731
Telephone:  (312)-616-5600
Facsimile:  (312)-616-5700
rgreen@leydig.com
cgriffith@leydig.com
bhesterberg@leydig.com
pdomer@leydig.com

*Attorneys for Defendants Lupin Ltd. and Lupin
Pharmaceuticals, Inc.*
(admitted *pro hac vice*)

44696/0003