# EXHIBIT C1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| APOTEX, INC., a Canadian corporation and APOTEX CORP., a Delaware corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>MYLAN PHARMACEUTICALS, INC., a Delaware corporation,<br><br>        Defendant | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Apotex Inc. and Apotex Corp. (collectively "Apotex"), sue Defendant, Mylan Pharmaceuticals, and state:

## NATURE OF THE ACTION

1.      This is an action for patent infringement of certain process claims arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2.      Plaintiff, Apotex Inc., is a Canadian corporation having its principal place of business in Toronto, Ontario, Canada.

3.      Apotex Inc. is a pharmaceutical company that specializes in offering life-saving, generic medications to consumers at a lower cost than branded medications.

4.      Plaintiff, Apotex Corp., is a Delaware corporation having its principal place of business in Broward County, Florida.

5.      Apotex Corp. is the exclusive licensed distributor of generic quinapril medication in the United States.

6.      On information and belief, Defendant, Mylan Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in Canonsburg, Pennsylvania.  Mylan has designated a registered agent for the service of process in Florida, namely Corporation Service Company located in Tallahassee.

7.      On information and belief, Mylan develops, manufactures, tests, packages, markets, promotes, offers to sell, sells and distributes pharmaceutical products containing quinapril in the United States, including this judicial district.

## JURISDICTION AND VENUE

8.      Venue is proper in this district under 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(b) and (c) 100 *et seq*. because Mylan committed acts of patent infringement, a substantial part of the events giving rise to this claim occurred, and Mylan is subject to personal jurisdiction, in this judicial district.

9.      This Court has personal jurisdiction over Mylan by virtue of its offers for sale, sales and distribution of products, including the products which are the subject of this Complaint, throughout the State of Florida and in this District.  Mylan has also placed, and is continuing to place, products into the stream of commerce in this District, and it is reasonable to expect that such products will continue to enter and be used by consumers in Florida, including in this District.

## GENERAL ALLEGATIONS

10.     Apotex Inc. is the lawful owner by assignment of all right, title and interest in U.S. Patent No. 6,531,486 ("the '486 Patent") entitled "Pharmaceutical Compositions Comprising

Quinapril Magnesium," relating to, *inter alia*, processes for making solid pharmaceutical compositions comprising quinapril magnesium made by reacting quinapril or an acid addition salt thereof with an alkaline magnesium compound in the presence of a solvent so as to convert the quinapril or quinapril acid addition salt to quinapril magnesium.  Claims 1-12 and 16-19 claim such processes.  In this action, Apotex is not asserting Claims 13-15 of the '486, which claim certain pharmaceutical compositions.

11.     The '486 Patent was duly and lawfully issued by the U.S. Patent and Trademark Office on March 11, 2003.  A true and correct copy of the '486 Patent is attached hereto as the **Exhibit**.

12.     Apotex Corp. is the exclusive licensee of the '486 patent.

13.     Apotex Inc. manufactures generic Quinapril tablets for Apotex Corp by a process described and claimed in the '486 Patent.

14.     Apotex Corp. imports generic Quinapril tablets from Apotex, Inc.  Such generic Quinapril tablets are approved by the U.S. Food and Drug Administration ("FDA") to treat hypertension when administered alone or in combination with thiazide diuretics.  Apotex Corp. sells and has sold such FDA-approved Quinapril tablets in and throughout the United States.

15.     Mylan, directly or by and/or through its agents, manufactures, imports, offers for sale, sells, and/or uses tablets made by a process that is covered by claims 1-12 and 16-19 of the '486 patent.

<u>Quinapril Combination Product</u>

16.     Mylan received approval from the FDA for Abbreviated New Drug Application No. 077093 to market a generic quinapril hydrochloride and hydrochlorothiazide product ("Mylan's Quinapril Combination Product") in the United States.  According to the product label, Mylan's

Quinapril Product contains quinapril hydrochloride, magnesium carbonate, and magnesium stearate.  However, testing of Mylan's Quinapril Combination Product demonstrates that it contains quinapril magnesium, which is an indication that Mylan's Quinapril Combination Product is made by a process covered by claims 1-12 and 16-19 of the '486 patent.  However, Mylan's exact process is not publicly available.  After an opportunity for discovery, there is likely to be evidence that the process Mylan uses to manufacture its Quinapril Combination Product comprises reacting quinapril or an acid addition salt thereof with an alkaline magnesium compound in the presence of a solvent so as to convert the quinapril or quinapril acid addition salt to quinapril magnesium, which process is covered by the '486 patent.

<u>Quinapril Product</u>

17.     Mylan also received approval from the FDA for Abbreviated New Drug Application No. 076036 to market a generic quinapril hydrochloride and hydrochlorothiazide product ("Mylan's Quinapril Product") in the United States.  According to the product label, Mylan's Quinapril Product contains quinapril hydrochloride, magnesium carbonate, and magnesium stearate.

18.     Apotex is presently not aware of any analytical technique which can be used to *definitively* establish that Mylan's Quinapril Product was made by use of one or more processes claimed in the '486 Patent.  Mylan's exact process is not publically available.  However, based on analytical studies available to it, Apotex believes that Mylan is likely practicing processes covered by claims 1-12 and 16-19 of the '486 Patent.  Apotex resorts to the judicial process and the aid of discovery to determine under appropriate judicial safeguards the exact process used by Mylan to manufacture its Quinapril Product and confirm its belief that Mylan infringes one or more claims of the '486 Patent.

4

**COUNT I**
**INFRINGEMENT OF THE PROCESS CLAIMS OF U.S. PATENT NO. 6,531,486**
(Quinapril Combination Product)

19.     The allegations of paragraphs 1-18 are realleged and incorporated herein by reference.

20.     Upon information and belief, which is likely to be substantiated through discovery, Mylan has infringed one or more of claims 1-12 and/or 16-19 of the '486 Patent by using a process covered by those claims to manufacture products, including Mylan's Quinapril Combination Product, and or by importing, selling and/or offering for sale the product of such process into the United States in violation of 35 U.S.C. §271 (a) and/or (g).

**COUNT II**
**INFRINGEMENT OF THE PROCESS CLAIMS OF U.S. PATENT NO. 6,531,486**
(**Quinapril Product**)

21.     The allegations of paragraphs 1-18 are realleged and incorporated herein by reference.

22.     Upon information and belief, which is likely to be substantiated through discovery, Mylan has infringed one or more of claims 1-12 and/or 16-19 of the '486 Patent by using a process covered by those claims to manufacture products, including Mylan's Quinapril Product, and or by importing, selling and/or offering for sale the product of such process into the United States in violation of 35 U.S.C. §271 (a) and/or (g).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Mylan and grant the following relief:

      a.   A judgment and decree that the '486 Patent is valid and enforceable;

      b.   A judgment and decree that Mylan has infringed one or more of the method claims of the '486 Patent in violation of 35 U.S.C. § 271;

      c.   A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Mylan and its officers, agents, employees and all others in concert or participation with them from acts of infringement of the '486 Patent;

      d.   An Order, pursuant to 35 U.S.C. § 284, awarding Plaintiffs damages adequate to compensate for Mylan's infringement of the '486 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty; and

      e.   Such other and further relief that the Court may deem just and proper.

## **JURY DEMAND**

Apotex demands a trial by jury.

Dated:  April  20, 2012

Respectfully submitted,

/s/Matthew S. Nelles_____
MATTHEW S. NELLES
Fla. Bar No. 009245
mnelles@broadandcassel.com
BROAD AND CASSEL
Attorneys for Plaintiffs
One Financial Plaza
100 S.E. Third Ave., Suite 2700
Fort Lauderdale, FL 33394
Telephone: (954) 764-7060
Facsimile: (954) 761-8135

**Co-Counsel**

**KATTEN MUCHIN ROSENMAN LLP**

Robert B. Breisblatt
Fla. Bar No. 145928
robert.breisblatt@kattenlaw.com
Eric C. Cohen
Brian J. Sodikoff
Martin S. Masar III
Christopher B. Ferenc
525 West Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5480
eric.cohen@kattenlaw.com
brian.sodikoff@kattenlaw.com
martin.masar@kattenlaw.com
christopher.ferenc@kattenlaw.com

*Attorneys for Defendants Apotex Corp. and Apotex Inc.*