UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60704-CIV-SEITZ/SIMONTON

APOTEX, INC., et al.,

    Plaintiffs,

vs.

MYLAN PHARMACEUTICALS, INC.,

    Defendant.
_____/

### ORDER ON DISCOVERY CONFERENCE

This matter came before the Court on an informal discovery conference, which was held before the undersigned United States Magistrate Judge on January 4, 2013 (DE # 70). The Honorable Patricia A. Seitz, United States District Judge, has referred discovery matters in this case to the undersigned (DE # 41). The Plaintiffs seek to overrule the objections of Defendant Mylan Pharmaceuticals, Inc. ("MPI") to several discovery requests and compel better responses (DE # 68). At the discovery conference, the Court ordered further briefing with regard to Dispute 1, as identified in the Amended Notice of Hearing (DE # 68), and ruled on the objections with regard to Disputes 2 and 3, stating the reasons for the rulings on the record.[1] This Order sets forth the briefing schedule with regard to Dispute 1, and the rulings with regard to Disputes 2 and 3, incorporating by reference the reasons for them stated at the conference.

---

[1] Specifically at issue in "Dispute 1" are Request Nos. 2-4, 6-15, 18-28, 31, 32, 36, 38, 39, 41, 42, 44, 45, 47-49, 52, 55, 56, 58-67, 86, 88, 89, 90, and 102-04 of Plaintiffs' First Set of Requests for Production; Nos. 113 and 115 of Plaintiffs' Second Set of Requests for Production; and, Nos. 1-8 and 11 of Plaintiffs' First Set of Interrogatories. "Dispute 2" concerns Nos. 116-17 of Plaintiffs' Third Set of Requests for Production. Finally, "Dispute 3" addresses Nos. 9, 10, 12, 13 and 14 of Plaintiffs' First Set of Interrogatories.

The Amended Notice of Hearing (DE # 68) identifies three disputes for the discovery conference.  The first dispute concerns several requests for production and certain interrogatories.  The principal issue with regard to Dispute 1 is whether Plaintiffs are entitled to discovery related to certain MPI products that are identified in the Amended Complaint, but for which no allegations of patent infringement have been made (the "Quinapril Only Products").[2]  Plaintiffs argue that they are entitled to discovery relating to Quinapril Only Products for several reasons.  Plaintiffs principally contend that, in addition to being relevant to Plaintiffs' infringement claims, discovery could reasonably lead to relevant evidence regarding the Defendant's invalidity contentions and Plaintiffs' damages calculations.  Also, Plaintiffs argue that Defendant should not be permitted to infringe the patent and later avoid liability by simply making the products related to alleged infringement unavailable to the public.  MPI argues, *inter alia*, that Plaintiffs have voluntarily removed from their Amended Complaint allegations of infringement regarding the Quinapril Only Products, and Plaintiffs, thus, should be estopped from seeking discovery related to such products; and that the requested information regarding the Quinapril Only Products is irrelevant to the infringement allegations contained in the Amended Complaint, as well as to Defendant's defenses and Plaintiffs' damages calculations.

For the reasons stated at the discovery conference, the undersigned finds additional briefing necessary to resolve the issue of Plaintiffs' entitlement to discovery related to the Quinapril Only Products.  Plaintiffs shall file a memorandum in support of their entitlement to the discovery on or before January 25, 2013.  Defendant shall file its response on or before February 11, 2013, and any reply shall be filed on or before

---

[2] The parties understand these products to be those covered by FDA Abbreviated New Drug Application ("ANDA") Numbers 076-036 and 076-694.

**February 19, 2013.  Following briefing, the undersigned will issue a ruling on this dispute by separate order.**

**With regard to Dispute 2, as identified in the Amended Notice, the parties dispute who should provide and/or bear the cost of providing the starting materials at issue, specifically Quinapril Hydrochloride and Magnesium Carbonate.  While the materials may be available on the open market, Defendant likely has samples of the materials in its possession.  Nonetheless, Defendant should not bear the cost of providing the materials if Plaintiffs choose to obtain them from Defendant.  Thus, for the reasons stated at the discovery conference, Defendant's objections are overruled, in part.  If Plaintiffs wish for Defendant to produce these materials, Plaintiffs shall compensate Defendant for the cost of the materials.**

**Finally, with regard to Dispute 3, at the outset of the discovery conference, Defendant agreed to provide supplemental responses with regard to Interrogatory Nos. 12, 13 and 14.  With regard to Interrogatory No. 9, Defendant represents that it is not presently aware of any analytical technique specified in the Interrogatory, but that it may become aware of some technique through its expert.  With regard to Interrogatory No. 10, Defendant represents that it became aware of the patent at issue through an opinion of counsel.  Plaintiffs, however, have simply requested with respect to these interrogatories that Defendant confirms that it currently has no knowledge outside of privileged information or expert testimony.  Therefore, for the reasons stated at the conference, Defendant shall supplement its responses to Interrogatory Nos. 9 and 10 on or before February 15, 2013, in the manner ordered at the discovery conference.  In addition, with respect to No. 10, Defendant shall simultaneously serve a privilege log.**

**DONE AND ORDERED** in chambers at Miami, Florida, on January 4, 2013.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable Patricia A. Seitz,
    United States District Judge
All counsel of record