# EXHIBIT A

**FINAIN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APOTEX, INC. et al,

                  Plaintiffs,

        v.

MYLAN PHARMACEUTICALS INC.

                  Defendant.

                                     CASE NO. 12-60704-CIV-SEITZ/SIMONTON

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APOTEX, INC. and APOTEX CORP.,

                  Plaintiffs,

        v.

PFIZER INC., and GREENSTONE LLC,

                  Defendants.

                                     CASE NO. 12-60705-CIV-SEITZ/SIMONTON

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APOTEX, INC. and APOTEX CORP.,

                  Plaintiffs,

        v.

LUPIN PHARMACEUTICALS, INC. and LUPIN LTD.,

                  Defendants.

                                     CASE NO. 12-60708-CIV-SEITZ/SIMONTON

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MYLAN PHARMACEUTICALS INC.'S SUPPLEMENTAL**
**RESPONSES TO APOTEX INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-14)**

Pursuant to Fed. R. Civ. P. 26 & 33 and the Local Rules of the United States District Court for the Southern District of Florida, Defendant Mylan Pharmaceuticals Inc. ("Mylan") hereby supplements its objections and responses to Apotex Inc.'s First Set of Interrogatories (Nos. 1-14).

The responses herein are based on information recently discovered and presently available to Mylan. Mylan is still engaged in discovery and investigation of this matter, the results of which may alter, modify or add to some of the responses set forth herein. Mylan reserves the right to amend or supplement the following responses based on any further investigation and discovery in this case. Mylan also reserves the right to introduce at trial any and all evidence.

Mylan makes the responses and objections set forth below without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege and admissibility of any response, document or thing, and the subject matter thereof, as evidence for any purpose and in any further proceeding in this action and in any other action; (b) the right to object to the use of any response, document or thing, or the subject matter thereof, on any ground in any further proceeding in this action and any other action; (c) the right to object on any ground at any time to any other Interrogatories or requests involving or related to the subject matter of the discovery to which these responses are provided; and (d) the right at any time to review, correct, add to, supplement or clarify any of the responses contained herein at any time.

Mylan's objections as set forth herein are made without prejudice to Mylan's right to assert any additional or supplemental objections should Mylan discover additional grounds for such objections.

## <u>GENERAL OBJECTIONS</u>

Mylan incorporates by reference the General Objections set forth in Mylan's Objections and Responses to Apotex Inc.'s First Set of Interrogatories to Mylan (Nos. 1-14).

<u>**RESPONSES AND SPECIFIC OBJECTIONS**</u>

Without waiving or limiting the foregoing General Objections, Mylan responds to the specific Interrogatories as follows:

<u>**Interrogatory No. 1.**</u>

Identify all products containing quinapril you currently market, sell, and/or distribute, have marketed, sold, and/or distributed in the past, or intend to market, sell, and/or distribute in the future, including, but not limited to, internally- and externally-used product names, trade names, product codes, product numbers, formulations, dosages, packaging, SKU numbers, or other unique information identifying such products; where each product is made; and the intended geographic market for such products.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.  Specifically, Mylan objects to identification of "all products containing quinapril" as these products fall outside the scope of this case. Information pertaining to ANDA Nos. 076-036 and 077-694 are not relevant to any claim or defense in this action.  *See* Order Dismissing Complaint (D.I. 35) and Amended Complaint (D.I. 38).  Mylan additionally objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privilege, and/or any other applicable privilege.  Moreover, Mylan objects to this interrogatory to the extent it calls for information not yet within Mylan's possession, custody or control.  Mylan objects to this interrogatory as premature since the parties are still in the early stages of discovery and Mylan has yet to discover that which would be needed to respond to this interrogatory.  Mylan reserves the right to supplement its answer as new information is discovered.

Subject to and without foregoing its General and Specific Objections, Mylan has sold and currently sells and markets a quinapril combination product as described in ANDA No. 077-093. Further, Mylan will be producing representative samples of its quinapril combination product as manufactured in keeping with ANDA No. 077-093.

3

**Interrogatory No. 2.**

Describe in detail the method(s) of manufacturing you use, have used, or intend to use for each of the products identified in response to Interrogatory No. 1, including, but not limited to, your ANDA Products. This description should include, but not be limited to, the type of equipment used and, if wet granulation steps are used, the duration and temperature of any mixing steps during the wet granulation process, the holding times during and between any steps during the wet granulation process, and the particle size of the ingredients used during the during the wet granulation process, including any changes thereto over the period of earliest first commercial sale of any one of the products identified in Interrogatory No. 1 to present.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.  Specifically, Mylan objects to providing information regarding products identified in Interrogatory No. 1 as these products fall outside the scope of this case.  Specifically, information pertaining to ANDA Nos. 076-036 and 077-694 are not relevant to any claim or defense in this action.  *See* Order Dismissing Complaint (D.I. 35) and Amended Complaint (D.I. 38).  Mylan additionally objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privileged and/or any other applicable privilege.  Moreover, Mylan objects to this interrogatory to the extent it calls for information not yet within Mylan's possession, custody or control.  Mylan also objects to this interrogatory as premature because discovery is at an early stage and ongoing and the response to this interrogatory is appropriately the subject matter of expert testimony. Mylan reserves the right to supplement its answer as new information is discovered.

Subject to and without foregoing its General and Specific Objections, Mylan has produced documents identifying its manufacturing method as described in ANDA No. 077-093. *See*, *e.g.*, MYLAN-PROD0006093-6369; MYLAN-PROD0017545-17821.

**Interrogatory No. 3.**

Identify all persons involved in, and the five persons most knowledgeable of, the research, design, development, testing, formulation, production, manufacture, and supply of each

4

of the products identified in response to Interrogatory No. 1, including, but not limited to, your ANDA Products, and describe each individual's knowledge related to that subject.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.  Specifically, Mylan objects to identification providing information regarding products identified in Interrogatory No. 1 as these products fall outside the scope of this case.  Specifically, information pertaining to ANDA Nos. 076-036 and 077-694 are not relevant to any claim or defense in this action.  *See* Order Dismissing Complaint (D.I. 35) and Amended Complaint (D.I. 38).  Mylan objects to this interrogatory as premature since the parties are still in early stages of discovery and have yet to engage in extensive discovery which would be needed to obtain information necessary to respond to this interrogatory.  Mylan reserves the right to supplement its answer as new information is discovered.

Subject to and without waiving any of its General and Specific Objections, Mylan identifies Pavan Bhat and Sarat Chattaraj as persons involved in the research, design, development, testing, formulation, production, or manufacture of Mylan's Quinapril Combination Product.

**Interrogatory No. 4.**

For each product identified in response to Interrogatory No. 1, state in detail who you purchased quinapril used in the products from, and how, when, and where each product was marketed, sold, and/or distributed; the price of each such product; identify all customers or resellers to whom you have sold or intend to sell those products, and the date and quantity sold or intended to be sold.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.  Specifically, Mylan objects to providing information regarding products identified in Interrogatory No. 1 as these products fall outside the scope of this case. Specifically, information pertaining to ANDA Nos. 076-036 and 077-694 are not

relevant to any claim or defense in this action.  *See* Order Dismissing Complaint (D.I. 35) and

Amended Complaint (D.I. 38). Mylan additionally objects to this interrogatory to the extent it

seeks information protected by the attorney client privilege, attorney work product doctrine, joint

defense privileged and/or any other applicable privilege.  Mylan further objects to this

interrogatory to the extent it seeks information protected by confidentiality agreements with third

parties or to the extent it requires Mylan to breach any such agreement.  Moreover, Mylan

objects to this interrogatory to the extent it calls for information not yet within Mylan's

possession, custody or control.  Mylan also objects to this interrogatory as premature because

discovery is at an early stage and ongoing and the response to this interrogatory is appropriately

the subject matter of expert testimony.  Mylan reserves the right to supplement its answer as new

information is discovered.

**Interrogatory No. 5.**

     Identify in detail all documents and things related to any testing, experiments, or studies
concerning the chemical structure or identity of each of the products identified in response to
Interrogatory No. 1, including, but not limited, to the quinapril salt form, and identify who
conducted such testing, experiments or studies, and when such testing experiments, or studies
were conducted.

     **ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome, vague and ambiguous.  Specifically, Mylan objects to providing information

regarding products identified in Interrogatory No. 1 as these products fall outside the scope of

this case. Specifically, information pertaining to ANDA Nos. 076-036 and 077-694 are not

relevant to any claim or defense in this action.  *See* Order Dismissing Complaint (D.I. 35) and

Amended Complaint (D.I. 38).  Mylan additionally objects to this interrogatory to the extent it

seeks information protected by the attorney client privilege, attorney work product doctrine, joint

defense privileged and/or any other applicable privilege.  Moreover, Mylan objects to this

interrogatory to the extent it calls for information not yet within Mylan's possession, custody or

control. Mylan objects to this interrogatory as premature since the parties are still in early stages of discovery and have yet to engage in extensive discovery which would be needed to obtain information necessary to respond to this interrogatory.  Mylan reserves the right to supplement its answer as new information is discovered.

Subject to and without waiving any of its General and Specific Objections set forth above, Mylan has (and will continue) to produce documents from which the information sought by this interrogatory can be determined with respect to the product covered by ANDA No. 077-093. *See*, *e.g.*, MYLAN-PROD0018393-18771.

**Interrogatory No. 6.**

Identify all persons involved in, and the five persons most knowledgeable of, the preparation and filing of your ANDAs (or equivalents thereto), including, but not limited to, the persons who are most knowledgeable of communications with the FDA (or equivalent agency) regarding each of the products identified in response to Interrogatory No. 1.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.  Specifically, Mylan objects to providing information regarding products identified in Interrogatory No. 1 as these products fall outside the scope of this case.  Specifically, information pertaining to ANDA Nos. 076-036 and 077-694 are not relevant to any claim or defense in this action.  *See* Order Dismissing Complaint (D.I. 35.) and Amended Complaint (D.I. 38).  Mylan objects to this interrogatory as premature since the parties are still in early stages of discovery and have yet to engage in extensive discovery which would be needed to obtain information necessary to respond to this interrogatory.  Mylan reserves the right to supplement its answer as new information is discovered.

Subject to and without waiving any of its General and Specific Objections, Mylan identifies Wayne Talton as having been involved in the preparation and filing of ANDA No. 077-093.

## Interrogatory No. 7.

Identify all persons involved in, and the five persons most knowledgeable of, the commercialization, marketing, competitive product analysis, sales forecasts, prescription numbers, markets, and accounting of past, current and futures sales for each of the products identified in response to Interrogatory No. 1.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Specifically, Mylan objects to providing information regarding products identified in Interrogatory No. 1 as these products fall outside the scope of this case. Specifically, information pertaining to ANDA Nos. 076-036 and 077-694 are not relevant to any claim or defense in this action. *See* Order Dismissing Complaint (D.I. 35) and Amended Complaint (D.I. 38). Mylan also objects to this interrogatory as premature because discovery is at an early stage and ongoing. Mylan reserves the right to supplement its answer as new information is discovered.

After a good-faith and extensive investigation, Mylan cannot reasonably identify all persons that would be responsive to this Interrogatory by virtue of the fact that it potentially covers numerous individuals (both past and present employees) spanning various departments and capacities. Accordingly, Mylan requests a meet and confer in order to properly narrow the scope of this Interrogatory.

## Interrogatory No. 8.

Identify all third parties that you use, employ, subcontract, sublicense or have arrangements with to market, advertise, promote, distribute, deliver, store, sell, manufacture, or package each of the products identified in response to Interrogatory No. 1.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Specifically, Mylan objects to providing information regarding products identified in Interrogatory No. 1 as these products fall outside the scope of this case. Specifically, information pertaining to ANDA Nos. 076-036 and 077-694 are not

relevant to any claim or defense in this action.  *See* Order Dismissing Complaint (D.I. 35) and Amended Complaint (D.I. 38).  Mylan additionally objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privileged and/or any other applicable privilege.  Mylan further objects to this interrogatory to the extent it seeks information protected by confidentiality agreements with third parties or to the extent it requires Mylan to breach any such agreement.  Mylan objects to this interrogatory as premature since the parties are still in early stages of discovery and have yet to engage in extensive discovery which would be needed to obtain information necessary to respond to this interrogatory.  Mylan reserves the right to supplement its answer as new information is discovered.

## Interrogatory No. 9.

Identify and describe in detail any analytical technique that can be used to definitively determine your manufacturing processes from your Drug Products alone or in combination with the product label you provide to the public.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, vague and ambiguous.  Specifically, Mylan objects to providing information regarding "Drug Products" as these products fall outside the scope of this case. Specifically, information pertaining to ANDA Nos. 076-036 and 077-694 are not relevant to any claim or defense in this action.  *See* Order Dismissing Complaint (D.I. 35) and Amended Complaint (D.I. 38).  Mylan additionally objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privileged and/or any other applicable privilege. Moreover, Mylan objects to this interrogatory to the extent it calls for information not yet within Mylan's possession, custody or control. Mylan also objects to this interrogatory to the extent it seeks legal conclusions.  Additionally, Mylan objects to this interrogatory to the extent it prematurely seeks, and is appropriately the subject matter of, expert

testimony.  Mylan objects to this interrogatory as premature since the parties are still in early stages of discovery and have yet to engage in extensive discovery which would be needed to obtain information necessary to respond to this interrogatory.

Without waiver of these objections, currently, Mylan is not aware of any analytical technique that can be used to definitively determine Mylan's manufacturing process regarding the product covered by ANDA No. 077-093.  To the extent Mylan becomes aware of such a technique through expert discovery or otherwise, Mylan reserves the right to supplement its response.

**Interrogatory No. 10.**

Explain in detail when and how you first learned of the existence of the '486 Patent, or any application or foreign equivalent thereof, including but not limited to U.S. Patent Application 09/857,640 or New Zealand Patent Application 333206.

**ANSWER:** Mylan objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privileged and/or any other applicable privilege. Mylan also objects to this interrogatory to the extent it seeks legal conclusions.  Additionally, Mylan objects to this interrogatory to the extent it prematurely seeks, and is the subject matter of, expert testimony. Mylan further objects to this interrogatory as premature because discovery in the early stages and Mylan has yet to discover that which would be needed to respond to this interrogatory. Mylan objects to this interrogatory to the extent it seeks information directed to a claim of willful infringement which is not at issue in this case.

Mylan currently has no information responsive to this Interrogatory outside of privileged information. Specifically and without waiver of any attorney client privilege, attorney work product doctrine, joint defense privilege and/or any other applicable privilege, Mylan responds by stating that Mylan learned of the existence of the '486 patent and foreign counterparts through

10

a document dated April 29, 2004. This document is identified in the attached privilege log served simultaneously with these supplemental responses, pursuant to the Court's Discovery Order (D.E. 71). Mylan reserves the right to supplement its answer as new information is discovered.

**Interrogatory No. 11.**

State whether you contend that your manufacture of any of the products identified in response to Interrogatory No.1 or use of any methods identified in Interrogatory No. 2 does not constitute infringement, either literally or under the doctrine of equivalents, any claim of the '486 Patent, and if so, state in detail all facts and identify all documents and things that support your contention, on a product-by-product and claim-by-claim basis.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Specifically, Mylan objects to this interrogatory as seeking information regarding products and methods of Interrogatory Nos. 1 and 2 which fall outside the scope of this action. Mylan also objects to providing information regarding "Drug Products" as these products fall outside the scope of this case. Information pertaining to ANDA Nos. 076-036 and 077-694 are not relevant to any claim or defense in this action. *See* Order Dismissing Complaint (D.I. 35) and Amended Complaint (D.I. 38). Mylan additionally objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privileged and/or any other applicable privilege. Moreover, Mylan objects to this interrogatory to the extent it calls for information not yet within Mylan's possession, custody or control. Mylan also objects to this interrogatory to the extent it seeks legal conclusions. Additionally, Mylan objects to this interrogatory to the extent it prematurely seeks, and is the subject matter of, expert testimony. Mylan objects to this interrogatory as premature since the parties are still in the early stages of discovery and Mylan has yet to discover that which would be needed to respond to this interrogatory. Mylan also objects on the grounds that this interrogatory is premature as claim construction has not been completed and expert discovery

11

has not commenced.  Mylan reserves the right to supplement its answer as new information is discovered.

Subject to these specific objections and the General Objections, Mylan responds that the manufacture, use, offer for sale, sale or importation of products covered by ANDA No. 077-093, and made in accordance with the method of manufacture set forth therein, does not infringe any valid and enforceable claim of the '486 patent either literally or under the doctrine of equivalents.

**<u>Interrogatory No. 12.</u>**

State whether you contend that the '486 Patent is unenforceable for any reason, including, but not limited to, the doctrine of unclean hands, and if so, state in detail all facts and identify all documents and things that support your contention.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, and unduly burdensome.  Mylan objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privileged and/or any other applicable privilege.  Moreover, Mylan objects to this interrogatory to the extent it calls for information not yet within Mylan's possession, custody or control. Mylan also objects to this interrogatory to the extent it seeks legal conclusions.  Mylan objects to this interrogatory as premature since the parties are still in the early stages of discovery and Mylan has yet to discover that which would be needed to respond to this interrogatory.  Mylan reserves the right to supplement its answer as new information is discovered.

Without waiver of these specific objections and the General Objections, Mylan responds that the '486 patent is unenforceable due to inequitable conduct.  Apotex (as the assignee of applicant Sherman) made material omissions and misrepresentations in prosecuting the '486 patent.  In 1998, before filing the application for the '486 patent, Apotex tested Pfizer's Accupril® product.  Apotex concluded that the active ingredient in Accupril® was quinapril

magnesium—not quinapril hydrochloride.  However, Apotex failed to disclose this testing or its conclusions regarding the composition of Pfizer's Accupril® tablets to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '486 patent.

In the specification of the '486 patent, Apotex stated that the Accupril® label indicates that "the tablets contain quinapril hydrochloride and magnesium carbonate." '486 patent at col. 2, ll. 16-22. Apotex did not disclose its own conclusion to the contrary, *i.e.*, that the active ingredient in the tablets was purportedly quinapril magnesium, not quinapril hydrochloride. Instead, in the '486 patent, Apotex claimed pharmaceutical compositions containing quinapril magnesium as its own invention.

In 2002, the Examiner allowed the '486 patent, stating that "[t]he instant process is the first time a quinapril magnesium has been synthesized."  June 28, 2002, "Notice of Allowability" at 2.  Apotex did not correct the Examiner.  Rather, in September 2002, Apotex filed a request for continued examination.  Instead of disclosing its test findings to the examiner, Apotex stated:

> Applicant has a concern that quinapril magnesium may be present in small unpredictable amounts in the prior art formulation taught in [the Pfizer '450 patent] marketed as Accupril…which in the Product Monograph…includes Quinapril Hydrochloride and Magnesium Carbonate.

September 26, 2002, "Request for Continued Examination" at 2.  Mylan expects that during additional discovery it will find that Apotex deliberately misled the USPTO about the presence of quinapril magnesium in Accupril® in order to obtain the '486 patent.  Mylan reserves the right to supplement this response as new information is discovered.

**Interrogatory No. 13.**

State whether you contend that any portion of damages that may be owed to Apotex in this action is barred by laches, and if so, state in detail all facts and identify all documents and things that support your contention.

**ANSWER:** Mylan objects to this interrogatory on the grounds that it is overly broad, and unduly burdensome. Mylan objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privileged and/or any other applicable privilege. Moreover, Mylan objects to this interrogatory to the extent it calls for information not yet within Mylan's possession, custody or control. Mylan also objects to this interrogatory to the extent it seeks legal conclusions. Mylan objects to this interrogatory as premature since the parties are still in the early stages of discovery and Mylan has yet to discover that which would be needed to respond to this interrogatory.

Without waiver of these specific objections and the General Objections, Mylan responds that any theoretical damages are barred by laches. Accupril® has been on the market since 1991. The '486 patent has an earliest effective filing date of December 8, 1998. Mylan's generic combination product made in accordance with ANDA 077-093 has been on the market since 2007. And Mylan is only one of several market entrants including, but not limited to, co-Defendants Pfizer Inc. and Lupin Pharmaceuticals Inc., as well as Watson Labs. Notwithstanding Mylan's long-standing sale of its combination product made in accordance with ANDA No. 077-093, Apotex did not file suit against Mylan until April 20, 2012. The delay between Mylan's entry into the market and Apotex's suit was unreasonable and inexcusable and, further, resulted in Mylan suffering material prejudice attributable to the delay.

**Interrogatory No. 14.**

Identify all persons with knowledge of any of the facts underlying your answers to these Interrogatories or the allegations, contentions and/or denials stated in your Answer, Motion, or Reply.

**ANSWER:** Mylan objects to this interrogatory to the extent it seeks information protected by the attorney client privilege, attorney work product doctrine, joint defense privileged and/or any other applicable privilege. Moreover, Mylan objects to this interrogatory

14

to the extent it calls for information not yet within Mylan's possession, custody or control. Mylan also objects to this interrogatory to the extent it seeks legal conclusions. Mylan objects to this interrogatory as premature because discovery is ongoing.  Mylan further objects to this interrogatory on the grounds that any information related to the Motion or Reply is not relevant to this action in view of the order granting Mylan's Motion to Dismiss (D.I. 35).

Subject to and without waiving any of its General and Specific Objections, Mylan identifies Wayne Talton as having knowledge of facts relating to ANDA No. 077-093.  Mylan reserves the right to supplement its response as new information is discovered.

Dated: February 1, 2013

By:     */s/ Deepro R. Mukerjee*
        Deepro R. Mukerjee
        deepro.mukerjee@alston.com
        Poopak Banky
        paki.banky@alston.com
        **ALSTON & BIRD LLP**
        90 Park Avenue
        New York, NY 10016-1387
        Tel:  212-210-9400
        Fax:  212-210-9444

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney of record in this case, certifies that on today's date, I caused the foregoing *Mylan Pharmaceutical Inc.'s Supplemental Responses to Plaintiffs' First Set of Interrogatories to Defendant Mylan Pharmaceuticals Inc. (Nos. 1-14)* to be served upon all counsel of record via electronic mail, and counsel for Apotex Inc. via U.S. mail.

Dated: February 1, 2013                            */s/ Deepro R. Mukerjee*
                                                              Deepro R. Mukerjee

### SERVICE LIST
### *APOTEX, INC. et al. v. MYLAN PHARMACEUTICALS, INC.*
### CASE NO: 0:12-cv-60704-PAS
### United States District Court, Southern District of Florida

| | |
|---|---|
| Matthew S. Nelles<br>Broad and Cassel<br>One Financial Plaza<br>100 S.E. Third Ave., Suite 2700<br>Fort Lauderdale, FL 33394<br>*Attorneys for Plaintiffs Apotex Corp. and*<br>*Apotex Inc.* | Robert B. Breisblatt<br>Brian J. Sodikoff<br>Christopher B. Ferenc<br>Dennis C. Lee<br>Eric C. Cohen<br>Martin S. Masar , III<br>Suresh B. Pillai<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, IL 60661-3693<br>*Attorneys for Plaintiffs Apotex Corp. and*<br>*Apotex Inc.* |