**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-60704-CIV-SEITZ/SIMONTON (consolidated)**

APOTEX, INC. and APOTEX CORP.,
                    Plaintiffs,

v.                                                          CASE NO. 12-60704-CIV
                                                                SEITZ/SIMONTON
MYLAN PHARMACEUTICALS INC.,
                    Defendant.

_____ /

APOTEX, INC. and APOTEX CORP.,
                    Plaintiffs,

v.                                                          CASE NO. 12-60705-CIV
                                                                SEITZ/SIMONTON
PFIZER INC., and GREENSTONE LLC,
                    Defendants.

_____ /

APOTEX, INC. and APOTEX CORP.,
                    Plaintiffs,

v.
                                                            CASE NO. 12-60708-CIV
                                                                SEITZ/SIMONTON
LUPIN PHARMACEUTICALS, INC. and
LUPIN LTD.,
                    Defendants.

_____ /

APOTEX, INC. and APOTEX CORP.,
                    Plaintiffs

v.
                                                            CASE NO. 13-60601-CIV
                                                                SEITZ/SIMONTON
TEVA PHARMACEUTICAL INDUSTRIES,
LTD, et al.,
                    Defendants.

_____ /

## JOINT SCHEDULING REPORT AND DISCOVERY PLAN

Plaintiffs Apotex Inc. and Apotex Corp. (collectively, "Apotex" or "Plaintiffs") and

Defendants Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") and Teva Pharmaceuticals USA,

Inc. ("Teva USA") (collectively, "Teva" or "Defendants") respectfully submit this Joint Scheduling Report and Discovery Plan pursuant to this Court's April 9, 2013 Order Requiring Joint Scheduling Report and Setting Scheduling and Planning Conference (Case No. 13-CV-60601, *Apotex et al. v. Teva Pharmaceutical Industries, Ltd. et al.* ("*Apotex v. Teva*"), D.E. 7), Federal Rules of Civil Procedure 26(f) and 16(b) and Southern District of Florida Local Rule 16.1(b).   While defendants Pfizer Inc. and Greenstone LLC (collectively "Pfizer"), Mylan Pharmaceuticals Inc. ("Mylan"), and Lupin Pharmaceuticals, Inc. and Lupin Ltd. (collectively "Lupin") participated in meetings of counsel on issues addressed herein, this Joint Statement reflects Apotex's and Teva's agreements and positions only.

**A.   <u>Consolidation</u>**

The Court consolidated *Apotex v. Teva* (13-CV-60601) with this consolidated litigation for all pretrial purposes.   (*Apotex v. Teva,* D.E. 20).   The Court has issued an order providing a pre-trial schedule in this case.   (D.E. 112).   Also, Apotex and Teva have agreed to the proposed schedule to address additional claim construction issues raised by Teva in Section F below.

**B.   <u>Statement of the Nature of the Parties' Claims and Defenses</u>**

   **i.   Apotex's statement**

On March 14, 2013, Apotex filed suit against Teva. (*Apotex v. Teva*, D.E. 1).   Apotex has alleged infringement of claims 1, 8, 9, 11, 12 and 16-19 of U.S. Patent No. 6,531,486 ("the '486 Patent") by Teva.   The asserted claims cover processes for manufacturing pharmaceutical products comprising quinapril magnesium.   Apotex notes that, in its opinion, the chemical structure for quinapril and quinapril hydrochloride was inadvertently drawn incorrectly in both this Complaint and the Joint Claim Construction Statement (D. E. 84).   Apotex and Teva have agreed to employ the correct stereochemistry in future Claim Construction briefing between Apotex and Teva.   Teva has not yet answered the complaint, but is expected to do so by May 28,

2013.  Apotex and Teva have discussed Teva's defenses, which will include non-infringement, invalidity under 35 U.S.C. §§ 102, 103, and 112, and unenforceability due to unclean hands and laches.

Apotex has a reasonable belief that the method claims of the '486 Patent are valid, enforceable and infringed by the process that Teva Defendants used to manufacture its quinapril products.  Apotex seeks an award of a reasonable royalty for past (starting in March 2007), current, and future infringement as well as an injunction against each of the Teva Defendants.  Data from IMS Health indicates that Teva sold approximately 100 million units of its quinapril products in the United States for over $12.5M in net sales over this time period.   Apotex is not seeking lost profits damages at this time.

### ii.    Teva's statement

This litigation concerns the process used to manufacture Teva's now-discontinued quinapril hydrochloride tablets that were the subject of ANDA 75-504 (hereinafter, "Teva's ANDA 75-504 product").  Before the application for the '486 patent was ever filed, Teva submitted ANDA 75-504 to the U.S. Food and Drug Administration ("FDA") in 1998.  After receiving FDA approval, Teva sold its ANDA 75-504 product from 2007 to 2011.

On March 14, 2013, Apotex filed suit against Teva asserting that the process of manufacturing Teva's discontinued ANDA 75-504 product infringed claims 1, 8, 9, 11, 12 and 16-19 of the '486 patent.  (*Apotex v. Teva*, D.E. 1).  Although Teva has until May 28, 2013 to answer Apotex's complaint, the parties have discussed Teva's defenses, which will include non-infringement, laches, and unclean hands, as well as invalidity under 35 U.S.C §§ 102, 103, and 112.  To the extent that the Pfizer, Mylan, and Lupin defendants have asserted such defenses, Teva hereby incorporates them by reference. (*See* D.E. 33).  Teva also reserves the right to raise additional defenses after receiving the discovery already provided to the Pfizer, Mylan, and

Lupin defendants.

**C.** **Summary of Uncontested Facts**

Apotex and Teva agree that the following facts are uncontested or can be stipulated to without discovery:

1.     Apotex, Inc. is a corporation organized and existing under the laws of Canada, with its principal place of business in Toronto, Ontario, Canada.

2.     Apotex Corp. is a corporation organized and existing under the laws of Delaware, with its principal place of business in Broward County, Florida.

3.     Teva Ltd. is a corporation organized and existing under the laws of Israel with its principal place of business in Petach Tikva, Israel.

4.     Teva USA is a corporation organized and existing under the laws of Delaware, with its principal place of business in North Wales, Pennsylvania.

5.     Teva USA has designated a registered agent for service of process in Florida.

6.     Teva USA is an indirect wholly-owned subsidiary of Teva Ltd.

7.     The '486 patent issued on March 11, 2003.

8.     Bernard Charles Sherman is named as inventor on the face of the '486 patent.

**D.** **A List of the Legal Elements of Each Claim and Defense Asserted**

The list of legal elements of relevant claims and defenses for purposes of resolving relevance issues in discovery only is set forth in Exhibit A to the Joint Scheduling Report (D.E. 33-1) submitted on August 28, 2012 in this action.

**E.** **Whether Discovery Should Be Conducted in Phases or Limited to Certain Issues**

In light of consolidation, Teva has agreed to produce the following categories of documents and things by November 1, 2013:

1.   samples of Teva's ANDA 75-504 product to the extent they might still exist;

2.  Teva's ANDA 75-504, and any annual reports, amendments, or supplements thereto;

3.  development records for Teva's ANDA 75-504 product;

4.  batch records (master and executed) for Teva's ANDA 75-504 product;

5.  summary sales and marketing information for Teva's ANDA 75-504 product;

6.  projections of sales and market share from around October 2007 when Teva first sold its ANDA 75-504 product; and

7.  any briefs filed by Teva, reports of Teva's experts, deposition transcripts of Teva's fact and expert witnesses and documents produced by Teva to Pfizer in Case No. 2:99-cv-00922-DRD-ES (DNJ).

In addition, Apotex may seek additional discovery into topics that it believes are relevant to asserted claims, defenses, or issues, including, *inter alia*, Teva's sales of Ranbaxy Pharmaceuticals' ANDA 76-607 product  as Apotex believes it has relevance to the issues of damages and invalidity.   Apotex is mindful of the Court's concern to keep litigation costs down.[1]

In turn, to expedite Teva's discovery process, Apotex will produce to Teva all documents it has produced to the Co-Defendants in *Apotex v. Mylan*, including, but not limited to:

1.  Apotex's ANDAs 76-240 and 78-451, and any annual reports, amendments, or supplements thereto;

2.  summary sales and marketing information for Apotex's ANDA 76-240 product;

---

[1] Teva notes that there is no mention of the Ranbaxy product in Apotex's Complaint, the Ranbaxy product is not prior art to the '486 patent, and that more than six years have passed since Teva sold the Ranbaxy product, so Apotex cannot claim damages for any alleged infringement related to Teva's sales of the Ranbaxy product in 2004-05.  Furthermore, the Court has already indicated in the May 13, 2013 Status Conference that it does not believe that Teva's sales of Ranbaxy's ANDA 76-607 product are relevant to this litigation.

3.      projections of sales and market share from when Apotex first sold its ANDA 76-240 product;

4.      research and development relating to the '486 patent;

5.      prosecution of the '486 patent;

6.      any briefs filed by Apotex, reports of Apotex's experts, and deposition transcripts of Apotex's expert witnesses produced in this action to the other defendants.

In addition, Teva will seek discovery into, *inter alia*, Apotex's knowledge of Teva's ANDA 75-504 product and, why Apotex did not assert the '486 patent against Teva's ANDA 75-504 product until March 2013.

**F.   Detailed Schedule of Discovery**

Apotex and Teva have agreed to the following deadlines related to claim construction. The Court's May 15, 2013 Scheduling Order (D.E. 112) controls other pre-trial discovery deadlines.

| Event | The Parties Agreed Upon Schedule for Consolidated Matters |
|---|---|
| Teva's FRCP 26(a)(1) disclosures due | by June 4, 2013 |
| Teva provides list of claim terms it wants to brief | June 27, 2013 |
| Teva and Apotex exchange proposed constructions for each term identified by Teva | July 11, 2013 |
| Concurrent opening claim construction briefs by Apotex and Teva and other defendants | August 1, 2013 |

| Event | The Parties Agreed Upon Schedule for Consolidated Matters |
|---|---|
| Concurrent responsive claim construction briefs by Apotex and Teva and other defendants and disclosure of witnesses intended to be called at pre-*Markman* hearing by Apotex and Teva | August 22, 2013 |
| Completion of depositions of any witnesses intended to be called at pre-*Markman* hearing by Apotex and Teva | August 29, 2013 |
| Joint claim construction and prehearing statement by Apotex and Teva | September 9, 2013 |

**G.  Estimated length of trial**

Teva and Apotex agree that this case be assigned to the Standard Track under L.R. 16.1(a)(2)(B).  Apotex has requested a jury trial for this case.  Apotex estimates that a trial against each of the Pfizer, Lupin, Mylan and Teva (*i.e.*, unconsolidated for purposes of trial) will require 4-6 days each and a trial against all four defendants as a group (*i.e.*, consolidated for purposes of trial) would require at least 14 days.

Teva estimates that trial will require 10 days, and potentially longer if the four cases are to be tried together.  In the event the cases are tried separately, Teva respectfully requests that its trial occur after the trials for Pfizer, Lupin and Mylan (in whatever order those defendants and Apotex decide to proceed) since Teva was sued by Apotex eleven months after the other defendants.

**H.  Pending motions**

There are no motions pending at this time.

**I.  Unique Legal or Factual Aspects Requiring Special Consideration**

Apotex and Teva do not believe there are unique legal or factual aspects requiring special consideration at this time.

**J.  Need to Refer Matters to the Magistrate Judge or a Special Master**

Apotex and Teva consent only to referral of discovery issues to a magistrate judge.

**K.  The Status and Likelihood of Settlement**

Apotex and Teva have determined that the action is not yet in a posture to be resolved. Counsel for Apotex has reached out to Counsel for Teva to discuss settlement. Apotex and Teva agree that they will continue to explore the possibility of settlement.

**L.  Other Matters Required by Local Rule 16.1(b)(2)**

**(A)     The Likelihood of Settlement;**

See Section K above.

**(B)     The Likelihood of Appearance in the Action of Additional Parties;**

Apotex and Teva do not anticipate the appearance of additional parties at this time. However, Apotex believes that additional Teva entities may need to be added if either (a) discovery from these foreign entities cannot be procured through the named parties or (b) the other entities performed or aided in the alleged infringing acts.

**(C)     Proposed Limits on the Time:**

**(i)     to join other parties and to amend the pleadings;**

See Section F above.

**(ii)     to file and hear motions; and**

See Section F above.

**(iii)     to complete discovery.**

See Sections F above.

**(D)      Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment;**

Apotex and Teva do not have any specific proposals for the formulation and simplifications of issues other than those discussed above.

**(E)      Necessity or Desirability of Amendments to the Pleadings**

At this time, Apotex does not believe that it is necessary or desirable to amend its complaint.  Teva has yet to file a pleading in this case.  Also, the parties have agreed on a deadline to amend the pleadings.  *See* Section F above.

**(F)      Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence.**

Apotex and Teva anticipate that they will stipulate to certain facts and to the authenticity of documents following discovery.

**(G)      Suggestions for the Avoidance of Unnecessary Proof and of Cumulative and of Cumulative Evidence.**

Apotex and Teva will meet to pre-admit evidence in a uniform manner.  The parties will work together to avoid unnecessary proofs and cumulative evidence.

**(H)      Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master;**

See Section K above.

**(I)      A Preliminary Estimate of the Time Required for Trial;**

See Section H above.

**(J)      Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference and Trial; and**

See Sections F and G above.

**(K)     Any Other Information That May Be Helpful to the Court In Setting the Case for Status or Pretrial Conference.**

**i.     The Parties' Rule 26(f)(3) Proposed Discovery Plan Indicating the Parties' Views and Proposals Concerning:**

a.     Changes in timing, form or requirements under Fed. R. Civ. P. 26(a);

The parties met and conferred to develop their case management and discovery plan on May 10, 2013 and May 16, 2013.  Apotex made the disclosures required under Federal Rule of Civil Procedure 26(a)(1) prior to that time.  Apotex agreed that Teva shall serve its FRCP 26(a)(1) disclosures by June 4, 2013, 1 week after its answer is due.

b.     Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

See Section E above.

c.     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

Apotex and Teva  have agreed to produce electronically stored information (ESI) as Concordance load files (DAT and LOG image cross-referenced files) and single-paged TIFFs. Apotex and Teva agree not to produce metadata beyond the document identification reference ("Bates") numbers and document descriptor.  However, in the event it becomes necessary, each party agrees not to destroy metadata for responsive documents that can be requested for production.  Apotex and Teva also agree not to use Optical Character Recognition (OCR) software prior to production of ESI.

Apotex and Teva are negotiating in good faith to develop additional procedures to govern searches of their  ESI.

10

        d.      <u>Any issues about claims of privilege or of protection as trial-preparation materials;</u>

Other than with respect to the provisions of the Federal Rules of Civil Procedure, Apotex and Teva are unaware of any issues about claims of privilege or of protection as trial-preparation materials at this time.  Apotex and Teva  have agreed to bring such issues to the Court's attention should they arise, in connection with the protective order currently in place (D.E. 92).

        e.      <u>What changes should be made in the limitations on discovery imposed under the Federal and local rules;</u>

**(1)**    **Depositions**

Apotex has proposed that Apotex shall be allowed twenty-five (25) depositions of the fact witness of Pfizer, Lupin, Mylan and Teva with no more than ten (10) depositions of any particular defendant.

Apotex has also proposed that each Apotex witness will be deposed at a single time and place by all Defendants to streamline the deposition process and minimize the burden on the witnesses and the parties.  Apotex agrees to work with Defendants in good faith on a case-by-case basis to determine whether the circumstances warrant extending the deposition of Apotex's fact witnesses beyond the limits provided in the Federal Rules of Civil Procedure.

Apotex and Teva are discussing these proposals (in conjunction with the other defendants) in good faith.  The parties agree to advise the Court of any agreements or outstanding issues by Friday, May 31, 2013.

**(2)**    **Service of Discovery.**

Electronic mail is sufficient for service of discovery requests and responses thereto.  As for timing, such service would be treated as it is under the Federal Rules.

     a.     <u>Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).</u>

Apotex and Teva believe that this matter will involve the exchange of confidential and highly confidential information.  At the May 13, 2013 Status Conference, the Court directed that the Protective Order entered in this case (D.E. 92) will also extend to Teva.  The Protective Order therefore applies to Teva's confidential and highly confidential information just as it applies to the confidential and highly confidential information of Apotex, Pfizer, Mylan and Lupin.

     b.     <u>The parties and their attorneys</u>

For the Court's convenience, the parties and their attorneys are listed below.

     i.     <u>Plaintiffs Apotex Inc. and Apotex Corp.</u>

Joshua D. Martin
Fla. Bar. No. 028100
josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd.
Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0013

Robert B. Breisblatt (Fla. Bar. No. 145928)
robert.breisblatt@kattenlaw.com
Craig M. Kuchii (admitted *pro hac vice*)
craig.kuchii@kattenlaw.com
Brian J. Sodikoff  (admitted *pro hac vice*)
brian.sodikoff@kattenlaw.com
Martin S. Masar III (admitted *pro hac vice*)
martin.masar@kattenlaw.com
Elese E. Hanson (admitted *pro hac vice*)
elese.hanson@@kattenlaw.com
Matthew M. Holub (admitted *pro hac vice*)
matthew.holub@kattenlaw.com
Kimberly A. Beis
kimberly.beis@kattenlaw.com (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60607

Telephone:  (312) 902-5200
Facsimile:  (312) 902-1061

Christopher Ferenc (admitted *pro hac vice*)
christopher.ferenc@kattenlaw.com
2900 K Street NW, Suite 200
Washington, DC  20007
Telephone:  (202) 625-3647
Facsimile:  (202) 339-6044

         ii.   <u>Defendants Teva Pharmaceutical Industries Ltd. and Teva
                Pharmaceuticals USA, Inc.</u>

Janet T. Munn
Fla. Bar. No. 501281
jmunn@rascoklock.com
RASCO KLOCK, ET. AL.
283 Catalonia Avenue
Suite 200
Coral Gables, FL 33134
Telephone:  305-476-7101
Facsimile: 305-476-7102

David M. Hashmall  (pro hac vice)
dhashmall@goodwinprocter.com
Frederick H. Rein (pro hac vice)
frein@goodwinprocter.com
Brian J. Prew (admission *pro hac vice* pending)
bprew@goodwinprocter.com
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone:  212-813-8800
Facsimile:  212-355-3333

DATED:  May 17, 2013

By: ___s/ Joshua D. Martin___
Joshua D. Martin
Florida Bar No.: 028100
E-Mail: josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd.
Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0013


By: ___s/ Craig M. Kuchii___
Robert B. Breisblatt (Fla. Bar. No. 145928)
robert.breisblatt@kattenlaw.com
Craig M. Kuchii (admitted *pro hac vice*)
craig.kuchii@kattenlaw.com
Brian J. Sodikoff  (admitted *pro hac vice*)
brian.sodikoff@kattenlaw.com
Martin S. Masar III (admitted *pro hac vice*)
martin.masar@kattenlaw.com
Elese E. Hanson (admitted *pro hac vice*)
elese.hanson@@kattenlaw.com
Matthew M. Holub (admitted *pro hac vice*)
matthew.holub@kattenlaw.com
Kimberly A. Beis
kimberly.beis@kattenlaw.com (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, Illinois 60607
Telephone:  (312) 902-5200
Facsimile:   (312) 902-1061


Christopher Ferenc (admitted *pro hac vice*)
christopher.ferenc@kattenlaw.com
2900 K Street NW, Suite 200
Washington, DC  20007
Telephone:  (202) 625-3647
Facsimile:   (202) 339-6044


*Attorneys for Plaintiffs Apotex, Inc. and*
*Apotex Corp.*

Respectfully submitted,

By: s/ Janet T. Munn_____
Janet T. Munn
Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK, ET. AL.
283 Catalonia Avenue
Suite 200
Coral Gables, FL 33134
305-476-7101
Fax: 305-476-7102

By: _s/ Frederick H. Rein_____
David M. Hashmall (admitted *pro hac vice*)
dhashmall@goodwinprocter.com
Frederick H. Rein  (admitted *pro hac vice*)
frein@goodwinprocter.com
Brian J. Prew (admission *pro hac vice* pending)
bprew@goodwinprocter.com
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone:  212-813-8800
Facsimile:  212-355-3333

*Attorneys for Defendants Teva Pharmaceutical*
*Industries Ltd. and Teva Pharmaceuticals USA,*
*Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 17th day of May 2013, I electronically filed the

foregoing JOINT SCHEDULING REPORT AND DISCOVERY PLAN with the Clerk of the

Court using CM/ECF.  I also certify that the foregoing document is being served this day on all

counsel of record on the attached service list via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Electronic Filing.

By:____s/ Joshua D. Martin____

**Error! Digit expected.**

## SERVICE LIST

**Robert B. Breisblatt** (Fla. Bar. No. 145928)
Email: robert.breisblatt@kattenlaw.com
**Brian J. Sodikoff***
Email: brian.sodikoff@kattenlaw.com
**Martin S. Masar III***
Email: martin.masar@kattenlaw.com
**Elese E. Hanson***
Email: elese.hanson@kattenlaw.com
**Matthew M. Holub***
Email: matthew.holub@kattenlaw.com
**Kimberly A. Beis***
Email: kimberly.beis@kattenlaw.com
**Craig M. Kuchii***
Email: craig.kuchii@kattenlaw.com
**Eric C. Cohen**
Email: eric.cohen@kattenlaw.com
**Julia L.Kasper**
Email: julia.kasper@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago IL 60607
Telephone: (312) 902-5200
Facsimile: (312)-902-1061

**Christopher B. Ferenc***
Email: christopher.ferenc@kattenlaw.com
Katten Muchin Rosenman, LLP
2900 K Street NW
North Tower
Suite 200
Washington, DC  20007
Telephone: 202.625.3500
Telecopy: 202.298.7570

**Matthew Scott Nelles**
Email:  mnelles@broadandcassel.com
Broad and Cassel
One Financial Plaza
100 S.E. 3rd Avenue
Suite 2700
Fort Lauderdale, FL 33394
Telephone: 954.764.7060
Telecopy:  954.761.8135

**Janet T. Munn**
Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK, et al.
283 Catalonia Avenue
Suite 200
Coral Gables, FL 33134
Telephone:  305.476.7101
Facsimile: 305.476.7102

**David M. Hashmall***
Email: dhashmall@goodwinprocter.com
**Frederick H. Rein***
Email: frein@goodwinprocter.com
**Brian J. Prew (*pro hac vice pending*)**
Email:  bprew@goodwinprocter.com
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:  212.813.8800
Facsimile:  212.355.3333

**Poopak Banky***
Email:  Paki.Banky@alston.com
**Deepro R.Mukerjee***
Email:  Deepro.Mukherjee@alston.com
**Thomas J. Parker***
Email:  Thomas.Parker@alston.com
ALSTON & BIRD, LLP
90 Park Avenue
New York, NY  10166
Telephone:  212.210.9400
Telecopy:  212-210-9444

**Sylvia M. Becker***
**Email**:  sylvia.becker@kayescholer.com
KAYE SCHOLER, LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: 202.682.3500
Telecopy: 202.682.3580

**Soumitra Deka***
Email:  sdeka@kayescholer.com
**Daniel DiNapoli***

**Error! Digit expected.**

**Joshua D. Martin**
E-Mail: josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd.
Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Telecopy: (954) 206-0013

*Admitted Pro Hac Vice*

Email:  ddinapoli@kayescholer.com
**Aaron Stiefel***
Email:  astiefel@kayescholer.com
KAYE SCHOLER, LLP
425 Park Avenue
New York, NY  10022-3598
Telephone:  (212) 836-8000
Telecopy:  (212) 836-8689

**Maria Josefa Beguiristain**
WHITE & CASE
200 S. Biscayne Boulevard
Suite 4900
Miami, FL  33131-2352
Telephone:  305.371.2700
Telecopy:  305.358.5744
Email:  mbeguiristain@whitecase.com

**Peter H. Domer***
Email:  pdomer@leydig.com
**Robert F. Green***
Email:  rgreen@leydig.com
**Christopher T. Griffith***
Email:  cgriffith@leydig.com
**Brett A. Hesterberg***
Email:  bhesterberg@leydig.com
**Emer L. Simic***
Email:  esimic@leydig.com
**John P. Snow***
Email:  jsnow@leydig.com
LEYDIG, VOIT & MAYER
Two Prudential Plaza
180 N. Stetson Avenue
Suite 4900
Chicago, IL 60601-6731
Telephone:  312-616-5600
Telecopy:  312-616-5700

**Eric David Isicoff**
Email:  Isicoff@irlaw.com
**Teresa Ragatz**
Email:  Ragatz@irlaw.com
**Susan Virginia Warner**
Email:  warner@irlaw.com
ISICOFF RAGATZ & KOENIGSBERG
1200 Brickell Avenue
Suite 1900

-3-

**Error! Digit expected.**

Miami, FL  33131
Telephone:  305.373.3232
Telecopy:  305.373.3233

*Admitted Pro Hac Vice*

**Error! Digit expected.**