# EXHIBIT B

Status Hearing  5/13/2013  9:54:00 AM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 12-60704-CV-SEITZ

12-60705-CV-SEITZ

12-60808-CV-SEITZ

APOTEX, INC.,                    MIAMI, FLORIDA

    Plaintiff

May 13, 2013

Versus                    VOLUME I

PAGE 1 TO 53

MYLAN PHARMACEUTICALS, ET AL.

    Defendants

STATUS CONFERENCE RE:  RESCHEDULING MARKMAN HEARING

BEFORE THE HON. PATRICIA A. SEITZ, J.

UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:

    JOSHUA D. MARTIN, ESQ.

    Johnson & Martin

    W. Cypress Creek Road - Suite 430

    Ft. Lauderdale, FL  33309

    CRAIG KUCHII, ESQ.

    MARTIN S. MASAR, III, ESQ.

    Katten Muchin & Rosenman, LLP

    525 West Monroe Street

    Chicago, IL 60661-3693

FOR THE DEFENDANT LUPIN AND MYLAN:

    SUSAN WARNER, ESQ.

    Isicoff Ragatz & Koenigsberg

    1200 Brickell Avenue - Suite 1900

    Miami, FL  33131

REPORTED BY:     DAVID S. EHRLICH, RPR

    Official Court Reporter

    Wilkie D. Ferguson, Jr.

    U. S. Courthouse

    400 N. Miami, Room 11-4

    Miami, Florida 33128-1810

    (305) 523-5537

Status Hearing  5/13/2013  9:54:00 AM

```
 1    APPEARANCES :  (Continued)
 2    FOR THE DEFENDANT MYLAN:
 3              ROBERT F. GREEN, ESQ.
                Leydig, Voit & Mayer, Ltd.
 4              Two Prudential Plaza, Suite 4900
                180 North Stetson Avenue
 5              Chicago, IL  60601-6731
 6              DEEPRO R. MUKERJEE, ESQ.
                POOPAK BANKY, ESQ.
 7              Alston & Bird, LLP
                90 Park Avenue
 8              New York, NY  10016
 9    FOR THE DEFENDANT PFIZER:
10              MARIA J. BEGURISTAIN, ESQ.
                White & Case
11              200 S. Biscayne Boulevard - Suite 4900
                Miami, FL  33131-2352
12
                SYLVIA M. BECKER, ESQ.
13              Kaye Scholer, LLP
                901 15th Street, NW
14              Washington, DC  20005
15    FOR DEFENDANT TEVA:
16              JANET MUNN, ESQ.
                Rasco Klock Perez Nieto
17              283 Catalonia Avenue
                Coral Gables, FL  33134-6700
18
19              FREDERICK H. REIN, ESQ.
                BRIAN PREW, ESQ.
20              Goodwin Proctor
                The New York Times Building
21              620 8th Avenue
                New York, NY  10018-1405
22
23
24
25
```

1    electronically.  You all know my -- those that were here before know

2    my law clerk, my chief of staff Cindy Bulan who has been working on

3    this case.  If Mr. Kuchii and Mr. Rein need to see what she looks

4    like I will have her stand in front of the camera so you can see

5    what she looks like and you can see the face that goes with the

6    voice on the phone.  Do you want me to have her stand in front of

7    the camera?

8    MR. REIN:  Whatever Your Honor wants is fine with us.

9    THE COURT:  We are here to serve.

10   Anything else for the good of the order?

11   MS. BEGUIRISTAIN:  No, Your Honor.

12   THE COURT:  I appreciate very very much, and welcome to the

13   case Mr. Kuchii and Mr. Rein, and anyone else who is going to be

14   filing a motion pro hac vice.  And welcome to you, Mr. Martin, as

15   well.

16   MR. MARTIN:  Thank you, Your Honor.

17   THE COURT:  Okay.

18   Will there need to be any additional papers filed by Teva

19   for the Markman hearing?

20   MR. REIN:  Yes.  We had worked out a schedule with Apotex

21   in terms of briefing the re-specification disclaimer issue that I

22   mentioned earlier.  That is all worked out.

23   I believe that there might be an issue, not with us and

24   with Apotex.  But if we raise the specification disclaimer issue I

25   think that possibly Pfizer, Mylan and/or Lupin might want to file

1   papers addressing that disclaimer argument as well.  And that has

2   not been discussed with Apotex.

3   MS. BECKER:  If I may, Your Honor, again on behalf of

4   Pfizer, we do believe that if new issues are raised in the

5   consolidated claim construction briefing process that yes, of course

6   the other codefendants should have an opportunity to comment on any

7   new issues that are raised in claim construction and would want to

8   participate in the briefing to that extent since Apotex would also

9   be having opportunity to comment on whatever Teva is raising.

10  THE COURT:  Miss Becker, can you just give me a hint as to

11  what Pfizer would be filing on that issue that would be divergent

12  from the position of Teva?

13  MS. BECKER:  I don't know that there would necessarily be

14  anything divergent because we haven't really seen the position

15  developed.  We are learning about these things as we go right here.

16  I'm just saying that in general as a matter of fairness we

17  would expect that if there were going to be new briefing on claim

18  construction dealing with new issues that then the other

19  codefendants would have an opportunity to participate whether it's

20  by signing on with Teva or whether it's by commenting separately.

21  That would depend on how the specific positions roll out.

22  MR. KUCHII:  Your Honor, this is Craig Kuchii for

23  plaintiffs.  It's our position that claim construction in the

24  consolidated case, the briefing there is all done.  We don't think

25  that the previously consolidated defendants should get another bite

1   at the apple via the consolidation --

2   THE COURT:  Mr. Kuchii, I didn't hear Miss Becker

3   addressing that.  I think that she recognizes, I hope she

4   recognizes, that the briefing as far as the claims construction is

5   at a close.  She is interested in seeing what the parties' papers,

6   or at least what Teva's papers would be on the disclaimer issue and

7   then having an opportunity if she on behalf of her client, or Lupin

8   or Mylan thinks that they have something that is germane to their

9   particular client that they be able to do I presume a five-page

10  speak up.  But I would presume that she would only be doing this if

11  she really had something that was not covered by Teva or she would

12  want simply the opportunity to say, "We sign on to Teva's position,"

13  and save her client having to file anything at all.

14  Am I reading you correctly, Miss Becker?

15  MS. BECKER:  Yes, that's right, Your Honor.  What I'm

16  talking about is if Apotex is given the opportunity to speak to a

17  new claims construction issue raised by Teva, then we feel the other

18  codefendants should be involved in the hearing and be given the

19  opportunity if necessary to speak to that.  It would not be unfair

20  Apotex would be getting an opportunity to comment on the new issues

21  --

22  THE COURT:  Well, this is what I am going to hold you

23  responsible for, Miss Becker, is that you are going to take the lead

24  in coordinating with the other counsel of the other defendants to

25  find out once Teva has filed their brief on this within five days of

1   their filing the brief you are going to make sure that everyone else

2   has had an opportunity to read it, to make some decisions as to do

3   you all want to have an individual response -- And it needs to be

4   really different.  I don't need to see the same topic covered saying

5   the same thing but just in different words to be added in before

6   Apotex has to file a response so that Apotex has an opportunity to

7   see all of the defendants' positions on that issue before they have

8   to file their response.  So I will need for you to be the

9   coordinator.  And perhaps you can avoid all of this by just talking

10  to the Teva folks that they would be willing to sort of give you a

11  heads up as to sort of what their approach is on the issue and you

12  all can be talking among yourselves to say, "Okay, do we really have

13  anything that we can add that we need to add," or can we just, "They

14  have done such a good job we can say, 'We join in that position?'"

15  MS. BECKER:  Absolutely, Your Honor.

16  THE COURT:  And if that's the case Apotex will know that it

17  just has that one thing to respond to and it doesn't have to file

18  separate papers, and you can save and you don't have to file

19  separate papers, and I don't have to read separate papers.  Okay?

20  MS. BECKER:  Absolutely, Your Honor.  I would be happy to

21  coordinate our participation in the briefing in that way that will

22  minimize and assure --

23  THE COURT:  Does that take care of your concern,

24  Mr. Kuchii?

25  MR. KUCHII:  Yes, Your Honor.  And one additional thing is

1    that there was a schedule proposed for the claim construction, and I

2    think the Teva defendants were in agreement with the schedule. And

3    I believe that either a hard copy is attached to the schedule, the

4    proposed schedule that was handed to the Court, or, if not, one of

5    the defendants might have a hard copy.

6    THE COURT:  I have a hard copy.

7    LAW CLERK:  Not of the briefing for the claims

8    construction.

9    THE COURT:  Oh.  I do not have that.

10   MS. MUNN:  Your Honor, Janet Munn for the Teva defendants.

11   If it's okay I will approach and hand it to your law clerk.

12   THE COURT:  Does everyone have what you are giving us?

13   MS. MUNN:  Yes, Your Honor.

14   The only thing that would need to be changed I believe

15   would be the dates for the pre-Markman hearing conference and the

16   Markman hearing for all parties.

17   THE COURT:  Okay.

18   So it's the 26th and the 27th.

19   And you all still want to stick with the September 9 date

20   for the joint claim construction and prehearing statement?

21   MR. KUCHII:  That's fine with plaintiffs, Your Honor.

22   MR. REIN:  That is fine with Teva as well.

23   THE COURT:  Okay.  Then we'll stick with the list you have.

24   And thank you all very much.  You are doing a great job and

25   I appreciate it.